NOT FOR PUBLICATION                                                                    CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA PARDY, | Civil Action No. 07-1385 (SDW) |
| Plaintiff, | |
| v. | |
| | **OPINION** |
| YVAN DUPUY, BENJAMIN MOORE & CO., UNCYK, BORENKIND & NADLER, LLP, ELI UNCYK, JANOVIC/PLAZA, INC., PAUL RENN, GFS ADVERTISING, INC., and ERNEST J. FOSSA. | July 8, 2008 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court are plaintiff Cynthia Pardy's ("Plaintiff") motion to vacate/for amendment of judgment ("Motion to Amend Judgment")[1] and motion for leave to amend her Complaint ("Motion to Amend Complaint")[2] in the matter regarding Yvan Dupuy, et al. ("Defendants"). After reviewing the submissions from the parties, the Court decides these motions, pursuant to Fed. R. Civ. P. 78, without oral argument. For the reasons discussed below, the Court denies Plaintiff's motions.

**Procedural History**

On February 25, 2008, oral argument was held before the Honorable Judge Susan D. Wigenton. Thereafter, the Court denied Plaintiff's motion for partial summary judgment, and granted Defendants' cross-motion for summary judgment. Plaintiff's Complaint was dismissed.

---

[1] This motion is docket entry #22.

[2] This motion is docket entry #23.

**Legal Standard**

*Motion to Amend Judgment*

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(g) allows a party to seek a motion for reargument or reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotes omitted). Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (quoting *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003); *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935

F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered.  *Yurecko*, 279 F. Supp. 2d at 609; *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

*Motion to Amend Complaint*

Pursuant to Fed. R. Civ. P. 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party.  Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  A general presumption exists in favor of allowing a party to amend its pleadings.  *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir.), cert. denied,  469 U.S. 871, 105 S.Ct. 221, 83 L.Ed.2d 150 (1984).  Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962);  *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984), cert. denied,  469 U.S. 1122, 105 S.Ct. 806, 83 L.Ed.2d 799 (1985).

"[A] refusal of a motion for leave to amend must be justified," *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995), and the Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment." *Riley*, 62 F.3d at 90 (citing *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

**Discussion**

*1. Motion to Amend Judgment*

Plaintiff has not provided any new information or shown that the Court overlooked dispositive facts or controlling law. No intervening change in the law has occurred. Thus, the Court denies Plaintiff's request to vacate or reconsider its previous Order dated February 25, 2008.

In Plaintiff's Motion to Amend Judgment, Plaintiff addresses issues of diversity and venue. Specifically, Plaintiff argues that this matter should be transferred to the District Court in New York. Plaintiff contends that transfer is the appropriate course of action for the Court, rather than dismissal of the action. Further, Plaintiff claims that Benjamin Moore Paints, Inc. was the "real party in interest also headquartered in New Jeresy." However, Plaintiff's Complaint fails to allege any facts or actions that would sustain an action against Benjamin Moore or defendant Eli Uncyk, who is a New Jersey resident.

The following is provided in 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In ruling on a motion under this provision, the court is free to consider "all relevant factors," and the Third Circuit directs district courts to a list of private and public interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (considering a plaintiff's choice of forum, defendant's preference, where the claim arose, the convenience of parties and witnesses, and the location of books and records, as well as any local interest in deciding localized controversies, and public policies of the fora).

After a review of the above mentioned factors the Court finds that this matter is not appropriate for transfer to the District Court in New York.

*2. Motion to Amend Complaint*

Plaintiff's request to amend her Complaint will be denied. The Court liberally construed Plaintiff's Complaint. Plaintiff has not provided a proposed amended complaint or new allegations. During oral argument on February 25, 2008, Plaintiff had the opportunity to expand and explain the basis for her claims. As set forth in her moving papers and before the Court on oral argument, Plaintiff's proposed amendment would be futile as it would not rectify the deficiencies in her claims. *See Jablonski*, 863 F.2d at 292. Despite Plaintiff's assertions, Plaintiff did not provide an adequate basis for "mail and wire fraud on an interstate basis", nor could she provide such basis by amending her claims. (Pl.'s Mot. at 2.)

**Conclusion**

Neither Plaintiff papers, nor oral argument, yielded a basis to maintain Plaintiff's claims in federal court or the District of New Jersey. The Court notes that Plaintiff does not have a federal basis for her claims and does have a state case pending in New York on related issues.

For the foregoing reasons, the Court denies Plaintiff's motions.


                                                     s/Susan D. Wigenton, U.S.D.J.


cc: Magistrate Judge Madeline C. Arleo, U.S.M.J.